Khanal v. Holder

BIA
A076 495 146

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> ROBERT D. SACK,
> REENA RAGGI,
> *Circuit Judges*.

———————————————————————————————

PRAKASH KHANAL,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-1730-ag
NAC

———————————————————————————————

FOR PETITIONER:     Usman B. Ahmad, Long Island City, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Brianne Whelan Cohen, Trial Attorney, Office of

Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Prakash Khanal, a native and citizen of Nepal, seeks review of a March 27, 2009 order of the BIA denying his motion to reopen. *In re Prakash Khanal*, No. A076 495 146 (B.I.A. Mar. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review for substantial evidence the BIA's evaluation of country conditions evidence submitted with a motion to reopen. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

A party may file only one motion to reopen removal proceedings and generally must do so no later than 90 days

2

after the date on which the final administrative decision was rendered in the proceeding sought to be reopened.  8 C.F.R. § 1003.2(c)(1),(2).  The time and number limitations do not apply, however, to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  Petitioner concedes that his motion to reopen was untimely but submits that the BIA erred in concluding that his motion did not fall within the exception for changed country conditions.  We disagree.

The BIA properly concluded that Khanal's alleged membership in the Coalition for National Unity and Reconciliation in Nepal (CNURN) was a change in his personal circumstances, not a change in country conditions.  *See* *Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *Wei Guang Wang v. BIA,* 437 F.3d 270, 272, 274 (2d Cir. 2006).  Further, we detect no error in the BIA's determination that while conditions in Nepal had changed since Khanal's hearing, the changes were not material to his claim.  *See* 8 C.F.R. § 1003.2(c)(3)(ii).  Khanal does not

3

dispute this materiality finding.  Rather, he argues that the finding of changed country conditions alone required remand.  The argument runs counter to the plain language of the INA, which requires a showing that any change is "material."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  Khanal's assertions that "[t]he country reports have shown that [he] believes that he will be persecuted by Central Government of Nepal" and that "[he] is known by the central government of Nepal concerning his actions and support for a unified and peaceful government," Pet'r's Br. at 9, are unsupported by the record.  Thus, we cannot conclude that the BIA abused its discretion in denying Khanal's motion to reopen.  *See Ali v. Gonzales*, 448 F.3d at 517; *cf. Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (observing that BIA abuses its discretion when it acts in arbitrary or capricious manner).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk